UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP JOASPH KNIGHT                                              CIVIL ACTION

VERSUS                                                             NO. 06-4538

WALTER COLENS ET AL.                                               SECTION "J" (2)

### REPORT AND RECOMMENDATION

Plaintiff, Phillip Joasph Knight, is a prisoner currently incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. He filed this pro se complaint pursuant to 42 U.S.C. § 1983 against Jefferson Parish Judge Walter Kollin (incorrectly named as "Colens"), the Gretna Police Department, an unnamed Assistant District Attorney in Section D of the 24th Judicial District Court and the 24th Judicial District Court for the Parish of Jefferson. Record Doc. No. 1, Complaint, at ¶¶ III(B), I(b)(1), IV.

Plaintiff alleges that he was "set up" by the Assistant District Attorney and was wrongly convicted by a jury without any evidence. He seeks his release from prison. Record Doc. No. 1, Complaint at ¶ IV.

Knight's complaint, which is rambling, unclear and difficult to understand, states that he was convicted in 1986 in the 24th Judicial District Court and that he appealed his conviction. He does not reveal either the charge for which he was convicted or the disposition of the appeal. It appears that he was released on parole at some time, "was

in and out of jail" and was arrested on a charge of second degree murder on September 1, 2000. It is not clear whether he has been tried on that charge, although he states at one point that he has a pending case for second degree murder, for which he will "[probably] be convicted by the time we get started." He asks this court to overturn his conviction and release him from prison. Record Doc. No. 1, attachments to complaint.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiffs claims must be dismissed without prejudice because

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

## II. JUDICIAL IMMUNITY

Plaintiff's claims against Judge Kollin are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was formerly available under Section 1983

against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, 8 Fed. Appx. 31, 2001 WL 363486, at *1 (2nd Cir. 2001); Nollet v. Justices of the Trial Ct., 83 F. Supp. 2d 204, 210 (D. Mass. 2000); accord Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief is not available to plaintiff in this Section 1983 action against Judge Kollin. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that plaintiff seeks an order of this court directing Judge Kollin to take some action concerning Knight's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir.

1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct., 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002) (Fitzwater, J.); Norman v. Louisiana Supreme Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court in which plaintiff's case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Knight apparently seeks declaratory and injunctive relief against Judge Kollin and the other defendants to reverse his 1986 conviction and sentence and to release him despite the pendency of the 2000 charge against him. Knight's claims against Judge Kollin are within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Knight's suit for injunctive relief against Judge Kollin. To the extent Knight seeks declaratory relief against Judge Kollin regarding the validity of his detention and sentence, that relief must be sought through petition for writ of habeas corpus and not under Section 1983, as is addressed later in this report. For these reasons, all of Knight's claims against Judge Kollin must be dismissed as frivolous or for failure to state a claim for which relief can be granted.

III.   ABSOLUTE PROSECUTORIAL IMMUNITY

An unidentified Jefferson Parish Assistant District Attorney has been named as a defendant in this case, based solely upon actions as a prosecutor in connection with state court criminal proceedings against Knight. To the extent that plaintiff asserts claims against this defendant in an individual capacity, the prosecutor is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal

7

process.'"  Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

In the instant case, the actions of a prosecutor in the district attorney's office concerning criminal charges against Knight in Jefferson Parish form the exclusive basis of plaintiff's claims against the prosecutor.  The assistant district attorney's actions in initiating and pursuing the prosecution of Knight fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability.  Plaintiff has failed to allege any actions in which the assistant district attorney was functioning outside the scope of prosecutorial immunity.  Therefore, all claims against the unnamed district attorney in an individual capacity must be dismissed.

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief.  Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh,

420 U.S. 103 (1975)). Knight does not seek monetary damages but instead declaratory and injunctive relief to be released from confinement.

Thus, the prosecutor is not immune from the declaratory and injunctive relief suit. However, Knight's claims against the Assistant District Attorney are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994), without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition, as is further addressed later in this opinion.

IV.   IMPROPER DEFENDANTS

Section 1983 claims may be asserted only against "persons" as the statute and case law define that term. The 24th Judicial District Court and the Gretna Police Department are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983.

Knight has named the Gretna Police Department as a defendant in this matter. The police department is not a legal entity or person capable of being sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. Liberty Mutual Ins. Co.

v. Grant Parish Sheriff's Dep't, 350 So. 2d 236 (La. App. 3d Cir. 1977). The Gretna Police Department is not a "person" for purposes of Section 1983 liability.

Knight has named the 24th Judicial District Court as a defendant. A state court is not a person for purposes of suit under Section 1983. Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995); Clark v. Clark, 984 F.2d 272, 272 (8th Cir. 1993); Ward v. Morris, 895 F. Supp. 116, 117 (N.D. Miss. 1995); Moity v. Louisiana State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La.), aff'd, 537 F. 2d 1141 (5th Cir. 1976).

Under these circumstances, all claims against the Gretna Police Department and the 24th Judicial District Court must be dismissed as legally frivolous.

V.     APPLICATION OF *HECK* TO SECTION 1983 CLAIMS

Whether plaintiff seeks injunctive relief or damages, his claims must be dismissed at this time pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

> prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Plaintiff's claims are clearly connected to the validity of his conviction and present confinement.  Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  Among other things, he challenges certain actions by the trial judge and prosecutor and the sufficiency of the evidence used to convict him.

Knight's complaint indicates that he was convicted in 1986 and was arrested in 2000 for a new charge of second degree murder, for which he was awaiting trial.  At the time of filing this complaint, he was in custody in the Jefferson Parish Correctional Center in Gretna, Louisiana.  Record Doc. No. 1, Complaint at p. 3.  His 1986 conviction has not been set aside in any of the ways described in Heck and he had not been tried yet on the second degree murder charge.  Thus, any claims for damages or other relief that plaintiff asserts attacking the manner of his conviction and continued confinement are

premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### III.   HABEAS CORPUS CLAIMS

As noted above, Knight's complaint in part challenges the very fact and duration of his confinement. Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his conviction and his current incarceration and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus type claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Knight filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief

because he challenges the fact of his conviction and confinement.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420).  A court may notice sua sponte the lack of exhaustion.  McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, although Knight indicates on the first page of his complaint that he does not know if he has begun any other lawsuits in state or federal court dealing

13

with the same facts involved in this action, Record Doc. No. 1, p.1, ¶ I (A), it appears from his complaint that he did appeal his conviction.[2]

Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court confirms he has nothing pending in that court as of the date of this report and recommendation.

Knight does not allege and there is no proof that he has exhausted his state court remedies. Accordingly, his claims seeking habeas corpus relief must be dismissed without prejudice to allow him to exhaust his state court appellate and post-conviction remedies as to <u>all</u> claims, through the Louisiana Supreme Court, before returning to this court with a properly filed habeas corpus petition.

## CONCLUSION

For all of the foregoing reasons, plaintiff's complaint in this case fails to state a claim for violation of his constitutional rights at this time sufficient to obtain relief under Section 1983.

---

[2] Although plaintiff states that he was convicted in 1986, the opinion of the state court of appeal states that he was convicted by a jury in Judge Kollin's court of aggravated crime against nature involving a five-year old girl on May 20, 1987 and was sentenced to ten years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence. <u>State v. Knight</u>, 526 So. 2d 452, 452 (La. App.5th Cir. 1988). There is no indication that he appealed to the Louisiana Supreme Court.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE,** either as legally frivolous, for failure to state a claim on which relief may be granted 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __5th__ day of September, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE